## SUPERIOR COURT OF BALTIMORE CITY.

Filed July 23, 1908.

GIRMAN S. LARRIMORE

VS.

THE MONUMENTAL BREWING COMPANY.

*Wm. R. Barnes* for plaintiff.

*Gill, Preston & Field* for defendant.

ELLIOTT, J.—

A motion for a new trial of the above entitled case in which the usual grounds upon which such motions are based has been filed.

The one point, however, upon which the most stress has been laid by defendant's attorney, is the alleged fact that the young man immediately in charge of the defendant's wagon at the time when the tailgate was so thrown open as to come in contact with the plaintiff's body, was not in the employ of the defendant, and was not such a one as the defendant was responsible for.

There is, it is true, no evidence to show that the young man above mentioned, was at the time of the accident in the employ of the defendant, so as to be receiving wages from it, but the court is not of the opinion that such employment is an essential feature to the right of plaintiff to recover, and for the two following reasons: In the first place, if the wagon itself had been at a perfectly safe distance from the car tracks, it would have made no difference whether the tailgates were open or shut and the position of the wagon was undoubtedly something for which the man actually in charge of the wagon and himself in the employ of the defendant was responsible; in the next place, the tailgate was thrown open for the purpose of permitting the withdrawal of the cases of beer which the defendant's employee was then in the act of delivering for its benefit to its customer, and it would seem to make little difference whether the tailgate was opened by the actual employee of the defendant or by one who had for the time being even though without hope of reward been enlisted by him to assist him in the performance of his duty towards the defendant.

The court has been unable to see that any injustice has been done the defendant or any error been made in reaching the verdict rendered in this case and the motion for a new trial is therefore overruled.